THE PEOPLE *v*. MILLER.

## The People ex rel. Emil P. Benoit v. George Miller.

*Informations in quo warranto: Practice.* An information in the nature of a *quo warranto* contained nothing to show when it was presented; and the only allegation of the usurpation was that "for the space of two days last past the defendant has usurped," etc. *Held,*

1. That the pleadings in such cases were governed by the rules in civil cases, except so far as the statutes modifying them are inapplicable; and that the information was good without being entitled of any particular day.

2. That the words "two days last past" related to the filing of the information, and were sufficiently certain.

3. In case of a failure to obtain service on a defendant in *quo warranto,* and resort is had to advertisement, under the statute, defendant is not entitled, on appearance, to a copy of the information.

*Heard May 8th. Decided May 10th.*

Information in the nature of a *quo warranto.*

The defendant demurred for the reason, *first:* that the information did not state the time when the alleged usurpation commenced, or for what period it continued, and, *second:* that certain blank spaces in the information rendered it uncertain and obscure.

*Wm. Gray* and *T. Romeyn,* in support of the demurrer.

1. The demurrer is well taken for the want of an averment in the information showing the space of time of the alleged usurpation, and for the reason that there was an unfilled blank in a material averment in the information, and that it is uncertain and obscure.—3 *Chitty's Pl. p.* 1248.

2. The information is fatally defective in not stating in any part of it the time of the commencement or of the continuance of the alleged usurpation.

*a.* No time whatever appears or is averred in it, in the margin, caption, introduction or body.

*b.* In any point of view, treating it as a civil pleading, or as a penal proceeding (and the latter is unquestionably its true character), the want of an averment as

to the time of a. material transaction is bad on special demurrer.—15 *Mich.; Stephens on Pl.* 292; 1 *Chitty's Pl.* 257; 9 *Wend.* 351, 375; 23 *Id.* 193; 1 *Chitty's Cr. L.* 217; *Archb. Cr. Pl.* 13; *Wharton's Cr. L.* § 261; 4 *Hawkins' Pl. Cr.* 86, *book* 2, *ch.* 26, § 4, *also p.* 44, § 77.

c. This averment of time must be in the pleading itself. The date of the process or of the filing or service of the pleading does not touch the. question of the sufficiency of the pleading as such.

In conclusion, we refer to all the precedents, clearly showing that this case is not within their range. It is, literally, without a precedent.—*See information in case of St. Paul's Church.*

In every case in Michigan Reports, so far as the form of the information appears, there was an express averment of time. In 6 Went. Pl., from page 28 to 234, is a series of pleadings in this class of cases. In each and every information time is averred. So in New York.— 15 *Johns.* 362; 4 *Cowen,* 106, 297; 6 *Id.* 196–220.

The relator in this. case might have avoided these questions by amending the information, and so have enabled the defendant to safely plead what his counsel confidently rely on as his justification. He has preferred to join in demurrer, and submit to this court the legal sufficiency of this vague and anomalous presentment, without beginning of days or length of years.

*William L. Stoughton,* Attorney General, *Maynard & Meddaugh* and *A. Pond,* for the People.

Two causes of demurrer are assigned.

The gist of the first is that the information does not state the time of the commencement and duration of the alleged usurpation of the office of treasurer, etc., by the defendant.

The second, that there are certain blank spaces in said information which render it uncertain and obscure.

1. The date and duration of the alleged usurpation sufficiently appear by the record. The information alleges that defendant has usurped said office for the space of two days last past and upwards.

The endorsement upon the back shows that said information was filed on the      day of January, A. D., 1867, and the record properly made up reads thus:

"And now on this — day of January, A. D., 1867, William L. Stoughton, Attorney General, etc., comes here into the Supreme Court," etc., etc. The charge, therefore, is that the defendant has usurped said office for the two days immediately preceding the      day of January, A. D., 1867, and is sufficiently certain and definite.— 4 *Gray*, 11.

2. It is not true that there are any void or blank spaces in the original information on file.

The demurrer in this respect we suppose to be based on the following state of facts, to wit:

Some time after the information was filed, and before defendant had appeared, his attorney informally requested a copy of the information, which request was, as a matter of courtesy, and not of duty or obligation, complied with. It turns out that the copy of the information thus furnished to defendant's attorney was an imperfect one containing certain blank spaces not appearing in the original.

The statute does not require a copy of the information to be served on the defendant or his attorney, and hence he can have no claim upon the fact that he has been furnished with an imperfect copy. This appears too clear for argument.

3. The information, if defective, either in substance or form may be amended on such conditions as the court may deem just.

We submit that the demurrer must be overruled and ask that defendant may be required to show that he has a defense on the merits, and in default of such showing that the judgment may be final.

COOLEY J.

Pleadings are required for the purpose of apprising the opposite party and the court of the matters upon which the pleader relies, and to which evidence is to be directed; and they are generally sufficient when they fully accomplish this purpose. If there still remain technical rules which go further, without serving any useful end, their application should be confined strictly to the cases where the settled practice leaves the court no discretion.

The defendant supposes this case is to be governed by the rules which apply to indictments, where it is imperative that the day and year when the offense is alleged to have been committed, be stated with precision. — *Chit. Cr. L.* 217; 1 *Archb. Cr. Pl.* 13. So strict is this rule at the common law, that if an indictment fixed no day, or an impossible day, as the time when the crime was committed, judgment against defendant upon it would be arrested. *Ibid.* See *Pennsylvania v. McKee, Addis.* 36. But notwithstanding the requirement of positive allegations, it never was necessary to make the proof conform; and it was no variance to show the offense to have been committed either on a prior or a subsequent day, so that it was before the finding of the indictment, and within such period that it would not be barred by the statute of limitations.— *Bac. Abr. Indictment, G.* 4; *Archb. Cr. Pl.* 14. This being so, it is wisely provided by our statute that no indictment shall be held insufficient "for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on any day subsequent to the finding of the indictment, or on any impossible day, or a day that never happened." — *Comp. L.* § 6054.

The present, however, is not an indictment; and without undertaking to say whether, if this were in the proper sense a criminal proceeding, the statute could be applied by

analogy, it may be well to see whether, tested by the rules of criminal pleading before the statute, this information would be defective for the reason assigned.

The time when the information is presented is not stated· in the caption, nor does the pleading name a certain day as that on which the defendant was guilty of the usurpation. The allegation is that, "for the space of two days last past," the defendant has usurped, etc. The defendant insists that this fixes no time; while the relator replies that the "two days last past" clearly refer to the two days next preceding the presenting of the information, and that therefore the period of alleged usurpation is definitely fixed. And it strikes us that this is not only the plain meaning of the information, but that this meaning is so plainly expressed, that no one can possibly be misled.

None of the authorities require a statement of time in an indictment, by day, month or year, if by other words the time is fixed with precision. Thus; the time of the caption of the indictment being stated, it is said to be sufficient to allege the offense as committed on the day after Pentecost. — *Com. Dig. Indictment, G.* 2; *Hawk. b.* 2, *C.* 25, § 78. Or on the tenth day of March last, if it can be ascertained by the style of the sessions before which the indictment is taken. — *Hawk. ubi supra;* 1 *Chit. Cr. L.* 218. This authority is directly in point in the present case, and the principle is recognized in *Commonwealth v. Wood,* 4 *Gray,* 11.

In the case of *Rex v. Gill, Russ. & Ry. C. C.* 431, the indictment, which was found in the first year of the reign of George IV, charged the defendant with the larceny of a horse on the 20th day of July, in the *fourth* year of the same reign, without otherwise fixing the year. The judges were of opinion that the words "fourth year of the" might be rejected as surplusage, and then the charge would stand, "20th of July, in the reign of King George the Fourth," which, from the time when indictment was

found, could only be the 20th of July, 1820. In other words, the allegation of an impossible time was made good by rejecting the unnecessary averment which made it impossible, and the remainder was treated as sufficient, though it named neither the year of our Lord nor the year of the King's reign, since it was impossible that any other than the 20th of July then last past could be within the allegation.

The pleadings in these cases, however, are governed by the rules in civil cases, except so far as the statutes modifying these rules are, from their terms, inapplicable. The chapter respecting amendments is expressly made to apply, *Comp. L.* § 4422: and the provision that it shall be unnecessary to entitle any declaration or other pleading of any term of the court, or of any day in term or vacation — *Comp. L.* § 4549 — is also applicable. As this information, if thus entitled, would unquestionably be good at the common law, this statute is sufficient to dispose of the case.

There is nothing in defendant's suggestion that, if judgment passes against him, the time of the usurpation is not sufficiently indicated for the purposes of an inquiry into damages. The time is fixed as definitely as if the declaration had been entitled of a certain day. The record, when made up in form, will show its presentation on that day. But the formal record is only a recital of the facts which are supposed to be constantly before the court, and the "two days last past" will relate to the time of filing the information just as much before the record is made up, as afterwards when the formal caption is added. No more particular statement — if one were possible — could be of the least service to defendant. The filing of an indictment is the only record which the court has of the time when it was presented, and the formal record is made up from that indorsement.

THE PEOPLE v. MILLER.

The only question which remains is, whether the demurrer is sustainable on the ground of the unfilled blanks in the copy of the information. We are referred to the case of *Arden v. Walden*, 1 *Edw.* 631, where it was held that one who had been served with a copy of a subpœna in chancery which contained no return day, had a right to suppose it corresponded with the original, and to disregard it. The case differs essentially from this. The subpœna was process by which the party was to be brought into court; and if it did not apprise him when to appear, he might be justified in considering it void. In the present case, the party was in court by publication. His counsel called upon a clerk in the office of counsel for relator, and asked for a copy of the information, which he could not demand as a right, but which, nevertheless, was given him. Discovering an error in the copy, the counsel for defendant called upon the opposite counsel to ask him if the copy served by the clerk should be regarded as "duly and properly served, and to be so treated," and received an affirmative reply. The question would appear to have been asked to enable the inquirer to take advantage of the error, and to elicit a response without any knowledge on the part of the relator's counsel that an error existed. The desired response was obtained, and the demurrer filed; but we do not think it can avail. The only party who appears to have been misled by the clerical error in the present case was the counsel who, in ignorance of the error, adopted the copy served. The information to which a demurrer is interposed is good in form, and there is nothing in the affidavit presented which shows that the defendant has placed reliance upon the defective copy, and been thereby misled.

The demurrer must be overruled.

The other Justices concurred.